### In re MANDELL.
### PALMER v. KENNEDY.
#### No. 336.

Circuit Court of Appeals, Second Circuit.
March 12, 1934.

Joseph G. M. Browne, of Brooklyn, N. Y., for appellant.

Delatour, Kennedy & Miller, of Brooklyn, N. Y. (Harold M. Kennedy, of Brooklyn, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The trustee filed his petition for leave to employ counsel, setting forth the necessity therefor, naming the firm of attorneys whom he wished to employ, and stating that his reason for their selection was their familiarity with the bankrupt's affairs and their knowledge of transactions which could be assailed for the benefit of the bankrupt's estate. It disclosed also that they were attorneys for a judgment creditor of the bankrupt but in the opinion of the trustee had no interest adverse to the trustee or to other creditors. Accompanying the petition was an affidavit by one of the recommended firm of attorneys as required by General Order No. 44 as amended April 17, 1933 (11 USCA § 53) and local Bankruptcy Rule No. 5. The local rule provides, among other things, "The Court shall not be bound by the wishes of the receiver or trustee as to the attorney, accountant, or investigator to be employed, but where in its judgment it is for the best interest of the estate the Court may deny the request or authorize the employment of some one designated by it."

Pursuant to this provision the District Court entered an order authorizing the trustee to retain an attorney designated by the court and named in such order. Thereupon the trustee moved to vacate the order, stating in the moving papers that he was not acquainted with the attorney designated by the court and was unwilling to employ him, and asking leave to submit another application for the employment of counsel of his own selection. This motion was denied. From both orders the trustee obtained leave to appeal.

It is argued by the trustee that the above-quoted portion of local Rule 5 is invalid because inconsistent with the implications of General Order No. 44 as amended in April, 1933 (11 USCA § 53). General Order No. 44 does not cover the field exclusively; it may be supplemented by local rules (see Weil v. Neary, 278 U. S. 160, 169, 49 S. Ct. 144, 73 L. Ed. 243), but not contradicted by them. We construe the General Order not as a limitation upon the power of the court, but as a limitation upon the right of the trustee to appoint an attorney, which without such a limitation would be unconditional, although subject to the control of the court if the employment were subsequently brought to its attention. We should hesitate to hold that under no conceivable circumstances would the court designate an attorney for the trustee regardless of his wishes. See In re Arnett, 112 F. 770 (D. C. W. D. Tenn.); In re Columbia Iron Works, 142 F. 234, 238 (D. C. E. D. Mich.). On the other hand, in general we regard it as inimical to good administration to fasten an attorney on the trustee against his will. The relationship between attorney and client is highly confidential, demanding personal faith and confidence in order that they may work together harmoniously. Only in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel, and reasons which make it for the best interest of the estate to have the court select the attorney over the trustee's objection should appear in the record. In the case at bar the fact that the firm of attorneys nominated by the trustee represented a large creditor of the bankrupt estate may have justified the court in declining to approve their employment, but no reason appears why the trustee should not have been allowed to nominate another attorney satisfactory both to himself and to the court. In depriving him of this privilege we think there was an abuse of judicial discretion.

Orders reversed.